UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Clay Wortham and Anita Wortham, | ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 23-cv-4115 |
| v. | ) ) | Judge April M. Perry |
| Village of Barrington Hills, Illinois, A Municipal Corporation, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Clay and Anita Wortham ("Plaintiffs") bring suit against the Village of Barrington Hills ("Defendant") over the enforcement of the village zoning code against them, and argue that the code and its enforcement violate the United States Constitution. Specifically, Count I of the complaint alleges a Due Process Clause violation, Count II alleges an Equal Protection Clause violation, and Count III alleges a First Amendment violation. Doc. 1. Defendant now moves to dismiss the complaint in its entirety. For the reasons that follow, the Court grants Defendant's motion.

**BACKGROUND**[1]

Plaintiffs are homeowners in the Village of Barrington Hills who used the online platform Vrbo.com ("Vrbo") to rent out their single-family residence. Doc. 1 ¶¶ 7-8. Beginning in March 2020, Defendant sought to enforce provisions of the Barrington Hills zoning code against Plaintiffs in response to Plaintiffs' repeated use of their home for short-term rentals. Doc. 1 ¶¶ 12, 17; *Wortham v. Vill. of Barrington Hills*, 202 N.E.3d 987, 991 (Ill. App. Ct. 2022).

---

[1] The facts are taken from the allegations in the Plaintiffs' complaint and records related to previous state court proceedings between Plaintiffs and Defendant. *See In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (courts may take judicial notice of documents in the public record).

Defendant sent Plaintiffs several cease-and-desist notifications, but Plaintiffs continued to rent their property through Vrbo. *Wortham*, 202 N.E.3d at 991. On September 24, 2020, Defendant served notice on Plaintiffs to appear before a hearing officer for an administrative adjudication of Plaintiffs' zoning-code violations. *Id*.

During the administrative adjudication, Defendant argued that Plaintiffs had violated the zoning code provisions allowing only residential (not commercial) use of properties in the district embracing Plaintiffs' home. *Id.* at 992. Plaintiffs argued that the ordinance did not prohibit their Vrbo rentals, and that to the extent Defendant was seeking to prohibit short-term rentals of residential properties, the zoning code provided no indication of what constituted a "short-term" rental, making the code unconstitutionally vague in violation of the Due Process Clause of the United States Constitution. *Id.* The administrative adjudication resulted in the finding that Plaintiffs had impermissibly rented out their home in violation of the zoning code on numerous occasions, and Plaintiffs were fined $26,250 and ordered by the hearing officer to cease "the unlawful commercial short-term rental use of the Property." *Id.* at 993 (quoting hearing officer's order); Doc. 1 ¶ 12.

On November 17, 2020, Defendant initiated a second administrative adjudication on the grounds that Plaintiffs had continued to rent out their home on a short-term basis after the hearing officer's initial findings and order. *Wortham*, 202 N.E.3d at 993. The second administrative decision similarly found that Plaintiffs had violated the zoning code, fining them an additional $6,000 and ordering them to immediately cease "the unlawful commercial short-term rental use of the Property." *Id.*; Doc. 1 ¶ 12. Neither administrative decision instructed Plaintiffs to remove their Vrbo listing. Doc. 1 ¶ 19.

Plaintiffs filed complaints for administrative review of each final administrative decision, and the trial court entered an order consolidating both administrative review actions. *Wortham*, 202 N.E.3d at 993. Plaintiffs argued both that the code did not apply, and that to the extent it prohibited "short-term" leases, the code failed to "satisfy the specificity requirements of Due Process because it is impossible to determine from the Code what duration of lease is a prohibited 'short-term' lease." Doc. 3-1 at 47. On July 6, 2021, the trial court affirmed both administrative decisions. *Wortham*, 202 N.E.3d at 997. Later that year, in December 2021, the zoning code was amended to specify that a short-term rental is one for less than ninety consecutive days. *See* BARRINGTON HILLS, ILL., CODE OF ORDINANCES tit. 5 ch. 2 § 5-2-1, https://codelibrary.amlegal.com/codes/barringtonhillsil/latest/barringtonhills_il/0-0-0-2711.

Plaintiffs appealed the trial court's determinations to the Appellate Court of Illinois, which reviewed *de novo* the hearing officers' determinations regarding what the zoning code permitted. *Wortham*, 202 N.E.3d at 993–94. As part of that appeal, the court considered Plaintiffs' argument that, "if the Zoning Code prohibits only short-term leasing of properties in the R1 district, such a prohibition is too vague to satisfy the requirements of the due process clause because the Zoning Code fails to define the duration of time constituting a short-term lease." *Id.* at 997. The court held that Plaintiffs did not have standing to make that challenge, ruling: "Plaintiffs' argument amounts to a facial challenge to the Zoning Code on vagueness grounds, which is impermissible here in the absence of any first amendment implications." *Id.* The appellate court affirmed the hearing officers' orders in March 2022. *Id.*

Shortly after that decision was entered, in April 2022, Defendant initiated enforcement proceedings in the Circuit Court of Cook County, Illinois, to enforce the administrative decisions. Doc. 1 ¶ 17. During the course of those enforcement proceedings, Plaintiffs allege that

Defendant "demanded, under threat of further enforcement action, that Plaintiffs remove their Vrbo listing." *Id*. ¶ 18. In response, Plaintiffs removed their Vrbo listing and ceased leasing their home entirely. *Id*. ¶ 21. On May 3, 2023, Plaintiffs were ordered to pay an additional $19,634.90 to Defendant for attorneys' fees and costs incurred during the enforcement. *Id*. ¶ 23.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Put differently, factual "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

In its motion to dismiss, Defendant argues that Plaintiffs' claims are barred by the doctrine of *res judicata*, and in the alternative, that Counts I and II are time barred under the statute of limitations. Finally, Defendant argues that the complaint is premised on the notion that there is an ongoing harm due to Defendant's failure to define "short-term rental" in the zoning code, which defect has since been remedied. This opinion addresses in detail only the *res judicata* argument.

District courts "ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

However, "when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Id.* In determining whether *res judicata* applies, federal courts apply the preclusion law of the state that rendered the judgment. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). "Under Illinois law, 'a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action.'" *Id.* (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998)). If *res judicata* applies, "the plaintiff is barred from raising 'not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit.'" *Parungao*, 858 F.3d at 457. "These principles extend to claims arising from the same operative facts as the plaintiff's claim that were or could have been raised by the defendant, and it has been held that *res judicata* bars a subsequent action if successful prosecution of that action would, in effect, nullify the judgment entered in the original action." *Blumenthal v. Brewer*, 69 N.E.3d 834, 847 (Ill. 2016).

Plaintiff's first count, brought under 42 U.S.C. §1983, alleges that it is a due process violation for the zoning code "to prohibit [Plaintiffs] from offering their home for 'short-term leasing' where 'short-term' is not defined." Doc. 1 ¶ 27. Plaintiffs acknowledge that the issues raised in the complaint "are identical to those raised in both the administrative proceedings and before the Illinois courts." Doc. 22 at 2. Plaintiffs also concede that this case involves the same parties who previously litigated these claims. However, Plaintiffs argue that there was no final judgment on the merits of the due process claim because the Illinois appellate court concluded that Plaintiffs lacked standing to bring a facial challenge to the zoning code.

It is true that the Appellate Court of Illinois concluded that Plaintiffs did not have standing to bring a facial challenge to the zoning code, citing S*hachter v. City of Chicago*, 962 N.E.2d 586 (Ill. App. Ct. 2011). Doc. 22-1 at 123. *Shachter* held that "[a]s a general rule, a litigant whose conduct falls squarely within a statute's prohibition cannot complain of the vagueness of the law as applied to others." *Id*. at 606. It is frankly unclear to this Court what type of due process challenge Plaintiffs brought before the state court: their brief repeatedly used the words "as applied," but always coupled with the argument that the zoning ordinance was unconstitutional "as applied to short term leasing" rather than as applied to the Plaintiffs. Doc. 22-1 at 96. Plaintiffs seem to concede that the state court would have considered an as-applied challenge if one had been properly brought. Doc. 22 at 4 ("[T]he Village argues that the Worthams could have brought an as-applied challenge, which the Illinois courts presumably would have considered. However, even if the Village is correct that the Illinois courts would have considered a *different* claim, the fact remains that it declined to consider the Due Process issue before it."). On the other hand, Plaintiffs also argue that their arguments contained "elements of both a facial challenge and an as-applied challenge." *Id*. at 5. Finally, Plaintiffs submit that it is irrelevant whether they are or were bringing a facial or as-applied challenge because it is "difficult to ascertain" the difference. *Id*. at 6.

The Court does not find Plaintiffs' arguments persuasive. If Plaintiffs brought an as-applied challenge to the state court and the state court mistakenly viewed it as a facial challenge, then Plaintiffs' proper recourse would have been to appeal, not to bring their complaint to this Court. After all, this Court is prevented from reviewing state court errors by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (district courts are not to review "cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced"). If, on the other hand, Plaintiffs did not bring an as-applied challenge to the state court when they admit they clearly could have, *res judicata* bars them from bringing the claim now. The point of the *res judicata* doctrine is to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate" and to avoid multiple lawsuits, preserve judicial resources, and minimize inconsistent decisions. *Montana v. U.S.*, 440 U.S. 147, 153-154 (1979). All of those principles are implicated by this lawsuit in which Plaintiffs admit they are trying to re-litigate a claim already presented to the state court. Thus, the Court concludes that an as-applied due process challenge now would run afoul of either *Rooker-Feldman* (if it was presented to the state court) or *res judicata* (if it was not presented to the state court). To the extent it attempts to plead an as-applied due process claim, Count I is dismissed.

    The next question becomes whether Plaintiffs are now permitted to bring a facial challenge to the zoning code under the Due Process Clause. Plaintiffs may have the better argument that this claim would not be barred by *res judicata*, given that the appellate court decision was premised on a finding that Plaintiffs lacked standing to bring a facial challenge to the zoning ordinance. *See Gulla v. North Strabane Twp.*, 146 F.3d 168, 173 (3d Cir. 1998) (holding that a state court finding that a party lacks standing to raise their constitutional claims is not a finding on the merits for the purposes of claim or issue preclusion). *But see Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011) (refusing to reach the "knotty question of Illinois law" as to whether a determination of lack of standing is a decision on the merits for the purposes of *res judicata*). But even if a facial due process challenge could survive an argument of *res judicata,* other issues arise. First, the complaint as currently pled does not plausibly allege a facial challenge, given its continued

references to Plaintiffs and how they were harmed and lack of reference to any other applications of the law. Doc. 1 at 4-5; *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489 (1982) (to succeed in a facial vagueness challenge "the complaint must demonstrate that the law is impermissibly vague in all of its applications."). Second, the Court has serious concerns that a facial challenge would be moot, in light of the fact that the zoning ordinance was amended in 2021 to define "short-term lease" as a lease of less than ninety days. Generally, when a statute is challenged on its face, "the remedy is necessarily directed at the statute itself and must be injunctive and declaratory." *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011); *see, e.g.*, *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 624 (3d Cir. 2013) (finding that no compensatory damages are possible "to a plaintiff asserting only a facial attack against a zoning law"). But Plaintiffs acknowledge that a claim for injunctive or declaratory relief is not appropriate in light of the code's amendment. Doc. 22 at 10. Third, "facial challenges that do not involve the First Amendment are limited." *Planned Parenthood of Indiana and Kentucky, Inc. v. Marion County Prosecutor*, 7 F.4th 594, 603 (7th Cir. 2021). And even in the First Amendment context, the Supreme Court has held that they are "disfavored," with some justices believing facial challenges should not be allowed at all. *Moody v. NetChoice, LLC*, 603 U.S. 707, 744–53 (2024) (Barrett, J., concurring); *id.* (Jackson, J., concurring in part and concurring in the judgment); *id.* (Thomas, J., concurring in the judgment). The parties have not briefed these issues, but suffice it to say that even if the Court assumes that a facial challenge under the due process clause is not barred by *res judicata*, at the very least the complaint would need to be amended and these issues addressed in subsequent briefing. The Court therefore dismisses Count I in its entirety, and Plaintiffs are permitted to bring an amended complaint to the extent they believe they can plausibly allege a facial due process claim.

The Court moves on to Plaintiffs' second count, which is brought under 42 U.S.C. §1983 and alleges an Equal Protection Clause violation based on Defendant's arbitrary and discriminatory enforcement of the zoning code against those it "subjectively deems to be engaged in 'short-term' leasing." Doc. 1 at 5–6. Plaintiffs did not bring an equal protection claim before the hearing officer or state court, and do not now present any argument that they were barred from doing so. In fact, Plaintiffs' responsive brief does not so much as mention the equal protection claim contained in Count II. Nor do Plaintiffs grapple with the argument raised in Defendant's brief that *res judicata* includes claims that could have been raised in a prior proceeding which were not raised. *See Chicago Title*, 664 F.3d at 1079 (noting that *res judicata* bars "not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit"). Successful prosecution of Plaintiffs' equal protection claim now "would, in effect, nullify the judgment entered in the original action" by rendering unconstitutional the zoning code provision enforced against Plaintiffs. *See Blumenthal v. Brewer*, 69 N.E.3d 834, 847 (Ill. 2016). The Court therefore concludes that *res judicata* bars Count II.

The same is true for Plaintiffs' third count, which is brought under 42 U.S.C. §1983 and alleges a violation of Plaintiffs' First Amendment right to freedom of speech based on Defendant allegedly ordering Plaintiffs to remove their Vrbo listing during the course of the enforcement proceedings. Again, Plaintiffs do not argue that they were prevented from litigating this claim in the prior proceedings. Nor do they so much as acknowledge that *res judicata* bars claims which could have been raised and were not. The Court therefore concludes that Defendant has met its burden of persuasion, demonstrating that Count III is also barred by *res judicata*.

Because the Court has dismissed all three counts of the complaint, it need not address Defendant's arguments regarding the statute of limitations. However, the Court cautions Plaintiffs to consider carefully whether any facial due process challenge would be timely. "The limitations period for § 1983 claims is based in state law, and the statute of limitations for § 1983 actions in Illinois is two years." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Generally, a claim accrues "when a plaintiff knows the fact and the cause of an injury." *Id.* In this case, the administrative enforcement proceedings against Plaintiffs began on September 24, 2020, *Wortham*, 202 N.E.3d at 991, more than two years before Plaintiffs filed the present matter. In some cases where facial challenges to a statute are brought, the statute of limitations begins to run even earlier, when the statute is enacted. *See Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1167 (4th Cir. 1991) (explaining that municipal ordinance restricting plaintiff's use of its property constituted a wrong upon enactment of the ordinance). In any event, given that the Plaintiffs have not yet pled a plausible facial due process challenge to the statue, the Court will not at this time opine on when the claim might have accrued.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiffs' complaint without prejudice. To the extent Plaintiffs believe they can allege a plausible claim consistent with this opinion, they are permitted to file an amended complaint by October 17, 2025.

Dated: September 16, 2025

_____
APRIL M. PERRY
United States District Judge